IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KYLE DEWEESE<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiff*,<br><br>v.<br><br>KINGSLEY CONSTRUCTORS, INC.<br><br>*Defendant* | § § § § § § § § § § § § | Civil Action No. 5:17-cv-01221<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE/CLASS ACTION |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Kyle Deweese, individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") brings suit against Kingsley Constructors, Inc. ("Kingsley") to recover compensation, liquidated damages, attorneys' fees and costs under Sections 207 and 216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and pursuant to the New Mexico Minimum Wage Act (hereinafter "NMMWA"), §§ 50-4-19 *et seq*.

## I.
## OVERVIEW

1.1 This lawsuit to recover overtime wages includes a collective action brought pursuant to the FLSA, 29 U.S.C. §§ 201–19, and a class action brought pursuant to the NMMWA and Federal Rule of Civil Procedure 23.

1.2 Plaintiff and the Putative Class Members are those persons who are current and former non-exempt employees who worked for Kingsley and were paid hourly but no overtime compensation for all hours worked over forty (40) in each workweek.

1.3 The FLSA and NMMWA require that all non-exempt employees receive compensation for time spent working on their employer's behalf and time and one half for all hours worked over forty in a regular workweek.

1.4     Plaintiff and the Putative Class Members routinely worked (and work) in excess of 40 hours per workweek.

1.5     Plaintiff and the Putative Class Members were not paid overtime for at least one and one half their regular rates for all hours worked in excess of forty (40) hours per workweek.

1.6     Kingsley knowingly and deliberately failed to fully compensate Plaintiff and the Putative Class Members for all hours worked in excess of 40 hours.

1.5     Plaintiff and the Putative Class Members did not (and do not) perform work that meets the definition of exempt work under the FLSA.[1]

1.6     Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA and NMMWA as a collective action pursuant to 29 U.S.C. § 216(b) and a class action pursuant to Federal Rule of Civil Procedure 23(b)(3).

1.7     Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit and that a class action be certified protecting the rights of those employees under the NMMWA.

## II.
## JURISDICTION & VENUE

2.1     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). It has supplemental jurisdiction over the additional NMMWA claims under 29 U.S.C. § 1367.

2.2     This Court has personal jurisdiction over Kingsley because the causes of action arose within this district as a result of Kingsley's conduct within this District and Division.

2.3     Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

2.4     Specifically, Kingsley's main office is located in Asherton, Dimmit County, Texas, and Plaintiff worked for Kingsley throughout this District and Division.

2.5     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III.
## PARTIES

3.1     Plaintiff Kyle Deweese worked for Kingsley in Texas and New Mexico within the relevant three-year period. Plaintiff Deweese did not properly receive overtime compensation for all hour worked in excess of forty (40) hours per workweek.[2]

3.2     The Putative Class Members are those current and former employees who worked for Kingsley in the past three years, and have been subjected to the same illegal pay system under which Plaintiff Deweese worked and was paid.

3.3     Kingsley Constructors, Inc. is a Texas for-profit corporation company doing business in the State of Texas and New Mexico, and may be served through its registered agent for services of process: **Michael O'Donnell, 405 Gears Road, Suite 800, Houston, Texas 77067.**

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, Kingsley has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(r).

4.2     At all times hereinafter mentioned, Kingsley has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Kingsley has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees handling, selling, or otherwise

---

[2] The written consent of Kyle Deweese is attached hereto as Exhibit "A."

working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4 During the respective periods of Plaintiff and the Putative Class Members' employment by Kingsley, these individuals provided services for Kingsley that involved interstate commerce for purposes of the FLSA.

4.5 In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6 Specifically, Plaintiff and the Putative Class Members are (or were) **_non-exempt_** employees who worked for Kingsley and were engaged in construction services in the oilfield and other industries throughout Texas and New Mexico. 29 U.S.C. § 203(j).

4.7 At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

4.8 The proposed collective of similarly situated employees, i.e. potential collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all hourly workers who worked for Kingsley Constructors, Inc., at any time in the last three years through the final disposition of this matter, and did not receive overtime for all hours worked over forty (40) in each workweek" (the "FLSA Collective" or "FLSA Collective Members").

4.9 The precise size and identity of the proposed FLSA Collective should be ascertainable from the business records, tax records, and/or employee or personnel records of Kingsley.

# V.
# FACTS

5.1     Kingsley Constructors, Inc. is based in Asherton, Texas and provides construction services for clients throughout the State of Texas and New Mexico.[3] Specifically, Kingsley offers turn-key, design-build construction solutions to the oilfield and other industries.[4]

5.2     To provide their services, Kingsley employed numerous workers—including the individuals that make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work in the oilfield.

5.3     Plaintiff Deweese worked for Kingsley as a Pipeline Welder from approximately December 2016 through November 2017.

5.4     Kingsley paid Plaintiff and the Putative Class Members an hourly wage for all hours worked. Specifically, Plaintiff Deweese was paid $55.00 per hour worked but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

5.5     Although it is well-known that blue-collar workers like Plaintiff and the Putative Class Members are **_not exempt_** from overtime, Kingsley did not pay Plaintiff and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

5.6     Plaintiff and the Putative Class Members' primary job duties included performing daily checklists, assisting with the preparation of equipment, and performing other oilfield related functions on various job sites.

---

[3] http://www.kci.cc.

[4] *Id.*

5.7     Plaintiff and the Putative Class Members would conduct their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by Kingsley and/or its clients.

5.8     Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Kingsley and/or its clients.

5.9     Virtually every job function was pre-determined by Kingsley and/or its clients, including the tools to use at a job site, the schedule of work, and related work duties. Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

5.10    Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

5.11    Indeed, Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual and routine labor in the construction industry.

5.12    Kingsley determined the hours Plaintiffs and the Putative Class Members worked.

5.13    Kingsley set Plaintiff and the Putative Class Members' pay and controlled the number of hours they worked.

5.14    Kingsley set all employment-related policies applicable to Plaintiff and the Putative Class Members.

5.15    Kingsley maintained control over pricing and marketing. Kingsley also chose equipment and product suppliers.

5.16    Kingsley owned or controlled the equipment and supplies that Plaintiff and the Putative Class Members used to perform their work.

5.17    Kingsley had the power to hire and fire Plaintiff and the Putative Class Members.

5.18    Kingsley made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members an hourly wage with no overtime pay.

5.19    Kingsley reimbursed Plaintiff and the Putative Class Members for expenses and bought or provided tools and equipment Plaintiff and the Putative Class Members used.

5.20    Plaintiff and the Putative Class Members did not employ their own workers nor were they allowed to employ their own workers.

5.21    Plaintiff and the Putative Class Members worked continuously for Kingsley on a permanent full-time basis.

5.22    Kingsley required Plaintiff and the Putative Class Members to attend safety meetings.

5.23    Kingsley required Plaintiff and the Putative Class Members to take a pre-employment drug test and submit to random drug tests throughout their employment with Kingsley.

5.24    Kingsley required Plaintiff and the Putative Class Members to submit employment applications before they were hired.

5.25    Kingsley, instead of Plaintiff and the Putative Class Members, made the large capital investments in vehicles, buildings, equipment, tools, and supplies. Moreover, Kingsley paid operating expenses like rent, payroll, marketing, insurance, and bills.

5.26    Plaintiff and the Putative Class Members relied on Kingsley for their work. Plaintiff and the Putative Class Members did not market any business or services of their own. Instead, Plaintiff and the Putative Class Members worked the hours assigned by Kingsley, performed duties assigned

by Kingsley, worked on projects assigned by Kingsley, and worked for the benefit of Kingsley and its customers.

5.27   Kingsley paid Plaintiff and the Putative Class Members on a weekly basis. Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own. Rather, Plaintiff and the Putative Class Members' only earning opportunity was based on the number of hours they were allowed to work, which was controlled by Kingsley and/or its customers.

5.28   Kingsley improperly classified Plaintiff and the Putative Class Members as independent contractors. The classification was improper because Plaintiff and the Putative Class Members were not in business for themselves. Instead, they were economically dependent upon Kingsley for their work.

5.29   Plaintiff and the Putative Class Members worked long hours. Specifically, Kingsley regularly scheduled Plaintiff and the Putative Class Members for a minimum of ten (10) hours per day and more than sixty (60) hours per week.

5.30   The FLSA and the NMMWA mandate that overtime be paid at one and one-half times an employee's regular rate of pay.

5.31   Kingsley denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

5.32   Kingsley applied this pay practice despite clear and controlling law that states that the manual labor/technical, routine duties which were performed by Plaintiff and the Putative Class Members consisted of **_non-exempt_** work.

5.33   Accordingly, Kingsley's pay policies and practices blatantly violated (and continue to violate) the FLSA.

# VI.
# COLLECTIVE/CLASS ALLEGATIONS

6.1     In addition to Plaintiff Deweese, Kingsley employed (and continues to employ) other workers in the State of Texas and New Mexico within the past 3 years.

6.2     Kingsley paid Plaintiff and the Putative Class Members hourly but no overtime compensation for all hours worked over forty (40) each week.

6.3     The FLSA Class Members performed the job duties typical of Plaintiff and the Putative Class Members—specifically, working in the oilfield construction industry.

6.4     The FLSA Class is similarly situated to Plaintiff Deweese—that is, the hourly workers all performed the same job duties and were paid the same way.

6.5     The FLSA Class should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

6.6     Plaintiff Deweese brings his state law claims on behalf of all hourly workers who were not paid overtime for all hours worked over forty (40) each week in New Mexico pursuant to Federal Rule of Civil Procedure 23 (the "New Mexico Class").

6.7     On information and belief, Kingsley employed dozens of hourly workers during the past 3 years.

6.8     These workers are geographically dispersed, residing and working in Texas and New Mexico (and likely throughout the United States).

6.9     Plaintiff Deweese will fairly and adequately protect the interests of the FLSA Class and New Mexico Class.

6.10    Plaintiff Deweese retained counsel who is experienced and competent in class action and employment litigation.

6.11    Plaintiff Deweese has no relevant interest contrary to, or in conflict with, the members of the classes.

6.12    Just like each member of the proposed classes, Plaintiff Deweese has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

6.13    A collective/class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

6.14    Absent these actions, many members of the classes likely will not obtain redress of their injuries and Kingsley will retain the proceeds of their violations of the FLSA and the NMMWA.

6.15    Furthermore, even if particular members of the classes could afford individual litigation against Kingsley, it would be unduly burdensome to the judicial system.

6.16    Consolidating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

6.17    There is a well-defined community of interest in the questions of law and fact affecting the New Mexico Class as a whole.

6.18    The questions of law and fact common to the New Mexico Class predominate over any questions affecting solely the individual members.

6.19    Among the common questions of law and fact are:

   a. Whether Kingsley employed members of the New Mexico class within the meaning of the applicable statutes, including the FLSA;

   b. Whether Plaintiff and the Putative Class Members were improperly classified by Kingsley as exempt from overtime compensation;

   c. Whether Kingsley's decision to classify Plaintiff and the Putative Class Members as exempt was in good faith;

   d. Whether Kingsley's violation of the FLSA and/or the NMMWA was willful;

e. Whether Kingsley failed to pay Plaintiff Deweese, the FLSA Class, and the New Mexico Class overtime pay due to them by virtue of their designation as exempt; and

f. Whether Kingsley kept adequate records of the hours worked by Plaintiff and the Putative Class Members.

6.20  Plaintiff Deweese's claims are typical of the claims of members of the classes.

6.21  Plaintiff Deweese, the FLSA Class, and the New Mexico Class, have all sustained damages arising out of Kingsley's wrongful and uniform employment policy.

6.22  Plaintiff Deweese knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective or class action.

## FIRST CAUSE OF ACTION – FLSA OVERTIME

6.23  By failing to pay Plaintiff Deweese and the remaining hourly workers overtime at the required one and one-half times their regular rate of pay, Kingsley violated the FLSA.

6.24  Kingsley owes Plaintiff Deweese and the remaining hourly workers overtime wages equal to one and one-half their regular rates of pay for each overtime hour worked during the last 3 years.

6.25  Kingsley knew, or at a minimum, showed reckless disregard for whether its failure to pay overtime at the required rates violated the FLSA.

6.26  Kingsley's failure to pay overtime at the required rates to Plaintiff Deweese and the remaining hourly workers was willful.

6.27  Kingsley owes Plaintiff Deweese and the FLSA Class an amount equal to all unpaid overtime wages as well as liquidated damages.

6.28  Moreover, Plaintiff Deweese and the FLSA Class are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## SECOND CAUSE OF ACTION: VIOLATION OF THE NMMWA
## (NEW MEXICO CLASS)

6.29  The conduct alleged in this Complaint violates the New Mexico Minimum Wage Act ("NMMWA"), NMSA 1978 § 50-4-19 *et seq*.

6.30  Kingsley was and is an "employer" within the meaning of the NMMWA.

6.31  At all relevant times, Kingsley employed Plaintiff Deweese and each of the New Mexico Class Members, as "employees" within the meaning of the NMMWA.

6.32  The NMMWA requires employers like Kingsley to pay overtime to all non-exempt employees.

6.33  Plaintiff Deweese and the other New Mexico Class Members are **<u>non-exempt</u>** employees who are entitled to be paid overtime at the proper rate for all overtime hours worked.

6.34  Kingsley had a continuing policy and practice of failing to pay overtime to the New Mexico Class Members for their hours worked in excess of 40 hours each week.

6.35  Kingsley maintained a continuing pay practice of paying hourly with no overtime pay for hours worked in excess of forty (40) in a workweek to Plaintiff Deweese and other hourly workers who performed work on behalf of Kingsley in New Mexico.

6.36  As a result of Kingsley's failure to pay overtime to Plaintiff Deweese and the New Mexico Class Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Kingsley violated the NMMWA.

6.37  Kingsley's denial of overtime compensation to Plaintiff Deweese and other hourly workers who performed work on behalf of Kingsley in New Mexico is part of a continuing course of conduct.

6.38  Plaintiff Deweese and the other hourly workers who performed work on behalf of Kingsley in New Mexico are entitled to invoke the benefits of N.M.S.A. 1978, § 50-4-32 (1978).

6.39     As a result, this action "may encompass all violations that occurred as part of [Kingsley's] continuing course of conduct regardless of the date on which they occurred."

6.40     Plaintiff Deweese and the New Mexico Class Members seek the amount of their underpayments based on Kingsley's failure to pay one and one-half times their regular rates of pay for work performed in excess of 40 hours in a workweek, an equal amount as liquidated damages, and such other legal and equitable relief from Kingsley's willful conduct as the Court deems just and proper.

6.41     Plaintiff Deweese and the New Mexico Class Members seek recovery of attorneys' fees and costs of this action to be paid by Kingsley, as provided by the NMMWA.

# VII.
# RELIEF SOUGHT

Plaintiff Deweese respectfully prays for judgment and relief against Kingsley as follows:

7.1     For an Order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class;

7.2     For an Order certifying the New Mexico Class as a class action pursuant to Federal Rule of Civil Procedure 23.

7.3     Judgment awarding Plaintiff Deweese and the FLSA Class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

7.4     Judgment awarding Plaintiff Deweese and the New Mexico Class who performed work on behalf of Kingsley in the State of New Mexico all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the NMMWA;

7.5     An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

7.6     All such other and further relief that Plaintiff Deweese, the FLSA Class, and/or the New Mexico Class are justly entitled.

Respectfully submitted,

**ANDERSON2X, PLLC**

By: /s/ *Clif Alexander*
    **Clif Alexander**
    Federal I.D. No. 1138436
    Texas Bar No. 24064805
    clif@a2xlaw.com
    **Lauren E. Braddy**
    Federal I.D. No. 1122168
    Texas Bar No. 24071993
    lauren@a2xlaw.com
    819 N. Upper Broadway
    Corpus Christi, Texas 78401
    Telephone: (361) 452-1279
    Facsimile: (361) 452-1284

    ***Attorneys in Charge for Plaintiff and the Putative Class Members***